**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERICE MAURICE KENCY,
               Appellant,

      v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
AT-3330-18-0193-I-1

DATE: September 1, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Erice Maurice Kency, Grovetown, Georgia, pro se.

Michael E. Hokenson, Esquire, Fort Belvoir, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal as untimely. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  On November 21, 2017, the appellant filed a VEOA complaint with the Department of Labor (DOL). Initial Appeal File (IAF), Tab 1 at 4. On December 6, 2017, DOL sent the appellant an email containing notice that it had closed his complaint file without taking corrective action. *Id.* at 16-17. The notice informed the appellant that he had "15 calendar days from the date of receipt of this letter" to file an appeal with the Board. *Id.* at 16.

¶3  The appellant filed his Board appeal on December 26, 2017. IAF, Tab 1. The administrative judge issued an order on timeliness, informing the appellant that his appeal appeared to have been filed 5 days late, notifying him of the standard for showing that either his appeal was timely or that the filing period should be equitably tolled, and directing him to file evidence and argument on the issue. IAF, Tab 4. The appellant did not respond to the order. After the close of the record, the administrative judge issued an initial decision dismissing the appeal as untimely. IAF, Tab 7, Initial Decision.

¶4  The appellant has filed a petition for review, arguing that his appeal was timely because the 15-day deadline did not begin to run until December 11, 2017.

Petition for Review (PFR) File, Tab 1 at 2. He admits to receiving DOL's original closeout notice on December 6, 2017, but asserts that DOL sent him a new closeout notice on December 11, 2017, to correct the case number. PFR File, Tab 1 at 2, Tab 5 at 6. The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3, 5.

## ANALYSIS

¶5    A VEOA appeal must be filed within 15 days after the complainant receives written notification from DOL that the complaint could not be resolved. 5 U.S.C. § 3330a(d)(1)(B). The 15-day deadline is statutory and mandatory, with no provision to waive the deadline for good cause shown. However, the deadline is subject to equitable tolling. *Alegre v. Department of the Navy*, 118 M.S.P.R. 424, ¶ 17 (2012). Accordingly, failure to meet this deadline will result in a dismissal on timeliness grounds unless the appellant can establish a basis to equitably toll the filing period. *See Gingery v. Department of the Treasury*, 110 M.S.P.R. 83, ¶¶ 22-25 (2008).

¶6    In this case, it is undisputed that the appellant originally received DOL's closeout notice on December 6, 2017. IAF, Tab 1 at 16; PFR File, Tab 1 at 2. Measured from that date, the appellant's December 26, 2017 VEOA appeal was untimely by 5 days. The appellant, however, argues that the filing period should be measured from December 11, 2017, when he received a new copy of the closeout notice, corrected to show the proper case number. PFR File, Tab 1 at 2, Tab 5 at 6.

¶7    The appellant is raising this argument for the first time on petition for review even though it is based on evidence that was in his possession before the close of the record below. The Board has long held that it will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Washington v. Department of Veterans Affairs*, 69 M.S.P.R. 86, 88

(1995); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *see* 5 C.F.R. § 1201.115(d). The appellant in this case has not explained why he failed to make this or any other argument in response to the administrative judge's timeliness order below. Thus, the appellant's late-raised argument is precluded by the Board's regulations. Therefore, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  <u>5 U.S.C. § 7702</u>(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.